**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Celso Ambriz GUERRERO,
Defendant–Appellant.**

No. 02–15244.

D.C. No. CV–01–05136–MDC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Celso Ambriz Guerrero appeals the district court's denial of his motion to vacate his sentence, filed under 28 U.S.C. § 2255, challenging his concurrent, 360–month sentences for conspiring to manufacture methamphetamine, manufacturing methamphetamine and possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We review de novo, *see United States v. Guess,* 203 F.3d 1143, 1145 (9th Cir.2000), and we affirm.

Guerrero first challenges his sentence based on the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have already concluded, however, that the rule of *Apprendi* is not available to defendants such as Guerrero, who are challenging their sentences in a § 2255 motion. *See United States v. Sanchez–Cervantes,* 282 F.3d 664, 665 (9th Cir.) (concluding that "the new rule of criminal procedure announced in *Apprendi* does not apply retroactively on initial collateral review"), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002); *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992) (stating the general rule that one three-judge panel of this court cannot overrule the decision of a prior panel).

Guerrero also contends that our decision in *United States v. Buckland,* 289 F.3d 558 (9th Cir.) (en banc), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), should be applied retroactively.[1] *Buckland,* however, is an application of *Apprendi's* new rule of constitutional criminal procedure, and, as is the case with *Apprendi* itself, is not to be applied retroactively on collateral review. *See Sanchez–Cervantes,* 282 F.3d at 667 (declining to reach the merits of a collateral attack on a sentence imposed for drug convictions under 21 U.S.C. § 841 based on fact that a judge, not a jury, determined the drug quantities).[2]

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Guerrero's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We grant Guerrero's request to broaden the certificate of appealability to address this issue. *See Miller–El v. Cockrell,* No. 01–7662, 2003 WL 431659 at *10 (U.S. Feb.25, 2003).

2. In light of our decision, we need not reach either the government's procedural default

---

claim, or the merits of Guerrero's *Apprendi/Buckland* challenge to his sentence.

